IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DWAYNE A. DEBOSE,

     Petitioner,

v.                                                    CASE NO. 1:11-cv-109-MP-GRJ

SECRETARY, DEPT. OF
CORRECTIONS,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254, and is proceeding on an amended petition. (Docs. 1, 7.)

The Respondent filed a response and an appendix with relevant portions of the state-

court record. (Doc. 16.) Petitioner has filed a reply. (Doc. 21.) Upon due consideration

of the Petition, the Response, the Reply, and the state-court record, the undersigned

recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

Petitioner's convictions for burglary of an occupied dwelling,[2] aggravated battery

on a law enforcement officer, possession of cannabis with intent to sell, felony driving

while license suspended or revoked, and leaving the scene of an accident with property

damage stem from an August 17, 2004 incident that began with a minor traffic accident.

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court
has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules
Governing Habeas Corpus Petitions Under Section 2254.

[2] Although Petitioner was charged with burglary with a battery and/or assault, the
jury found him guilty of burglary of an occupied dwelling. (Exh. C.)

Petitioner drove away from the scene of the accident and was pulled over shortly thereafter by Deputy David Butscher of the Alachua County Sheriff's Office.  While speaking with the deputy in front of the deputy's car, Petitioner ran away, and a chase ensued.  Petitioner and the deputy struggled, during which time the deputy used a Taser to attempt to subdue Petitioner, and Petitioner bit the deputy on his arm.  Petitioner fled again, this time running into a residential neighborhood.  One witness testified seeing Petitioner fall over a fence, and when she went to the spot where he fell, she found a Tic-Tac container with crack cocaine.  As Petitioner continued running from the deputy, he ran through the front door of a house, where the resident pushed and struggled with Petitioner at the door.  The deputy then arrived, soon followed by other deputies, and Petitioner was subdued and handcuffed.  While searching Petitioner, deputies recovered marijuana.  The parties stipulated prior to trial that Petitioner's license was suspended and he knew of the suspension.  (Exh. D.)

The defense's position at trial was that the deputy "used his Taser on [Petitioner], then attempted to restrain [Petitioner] by jumping on his back and placing his arm around [Petitioner's] chest, and, as a result [Petitioner] was not able to breathe.  Thus, the Defense's theory of the case was that Deputy Butscher was using unlawful force in attempting to restrain [Petitioner], and that [Petitioner], who was simply struggling to breathe when he bit the deputy, did not do so with the intent to injure or disfigure him." (Exh. G, p. 6.)

After a jury trial, Petitioner was convicted of burglary of an occupied dwelling, aggravated battery on a law enforcement officer, possession of cannabis with intent to sell, felony driving while license suspended or revoked, and leaving the scene of an

accident with property damage.  The trial judge granted Petitioner's motion for judgment

of acquittal on a charge of possession of cocaine with intent to sell within 1,000 feet of a

school.  (Exh. C, pp. 32-24.)  Petitioner was sentenced to 15 years imprisonment on the

burglary and aggravated battery charges; four months imprisonment on the drug charge;

five years imprisonment on the driving while license suspended or revoked charge; and

60 days imprisonment on the leaving the scene of an accident charge.  The sentences

all ran concurrently.  (Exh. C, pp. 73-82.)

The First DCA affirmed in part and reversed in part, remanding for a new trial on

the charge of aggravated battery on a law enforcement officer.  (Exh. I); *Debose v.

State*, 920 So. 2d 169 (Fla. 1st DCA 2006).  Mandate issued February 22, 2006.  (Exh.

J.)  On remand, Petitioner pleaded no contest to the aggravated battery on a law

enforcement officer charge. (Exh. K.)  He was adjudicated guilty and sentenced to five

years imprisonment.  (Exh. M.)  Petitioner did not appeal.

After filing and then voluntarily dismissing two rounds of Florida Rule of Criminal

Procedure 3.850 motions, Petitioner (*pro se*) filed another 3.850 motion on October 10,

2007, with subsequent addenda and supplements.  (Exh. EE, pp. 1-71.)  The

postconviction court summarily denied the motion on April 18, 2008.  (Exh. EE, pp. 72-

218.)  Petitioner appealed to the First DCA, which affirmed in part and reversed in part,

remanding a portion of Petitioner's seventh claim and claim twelve in its entirety.  (Exh.

II); *Debose v. State*, 5 So.3d 733 (Fla. 1st DCA 2009).  The trial court conducted an

evidentiary hearing and again denied Petitioner's claims for postconviction relief.  (Exh

NN.)  Petitioner's motion for rehearing was denied, and he appealed to the First DCA.

(Exh. NN.)  The First DCA affirmed, without opinion, on February 3, 2011.  (Exh. RR);

*Debose v. State*, 57 So.3d 849 (Fla. 1st DCA 2011). Petitioner's motion for rehearing was denied, and mandate issued April 12, 2011. (Exhs. MM, SS, TT.)

The instant Petition, which Respondent concedes is timely, followed. Petitioner asserts one ground for relief in his *pro se* Petition. Within this single ground for relief, Petitioner asserts 17 claims of ineffective assistance of counsel. (Doc. 7.)

## Section 2254 Standard of Review for Ineffective Assistance Claims

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) imposes limitations on the scope of this Court's review. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." "'[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, ___ U.S. ___, 2013 WL 5904117, *4 (2013)(quoting *Wood v. Allen*, 558 U.S. 290, 301, 130 S.Ct. 841(2010)).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1); *see Burt*, 2013 WL 5904117, *4 (standard for reviewing claims of legal error by state courts is "highly

deferential"). This standard "recognizes a foundational principle of our federal system: State courts are adequate forums for the vindication of federal rights." *Id*. This highly deferential standard carries special force in habeas cases asserting ineffective assistance claims: "Especially where a case involves such a common claim as ineffective assistance of counsel under *Strickland*[3]—a claim state courts have now adjudicated in countless criminal cases for nearly 30 years—'there is no intrinsic reason why the fact that a man is a federal judge should make him more competent, or conscientious, or learned . . . than his neighbor in the state courthouse.'" *Id*. (quoting *Stone v. Powell*, 428 U.S. 465, 494, n. 35, 96 S.Ct. 3037 (1976).

In view of the deference afforded to the state courts' adjudication of constitutional claims, "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Id*. (quoting *Harrington v. Richter*, 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). "'If this standard is difficult to meet'—and it is—'that is because it was meant to be.'" *Id*. (quoting *Harrington*, 131 S.Ct. at 786). "We will not lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Id*. (quoting *Harrington*, 131 S.Ct. at 786).

---

[3]*Strickland v. Washington*, 466 U.S. 668, 686 (1984) (holding that to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. A court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong).

*Case No: 1:11-cv-109-MP-GRJ*

Because Petitioner's claims raise the issue of counsel's effectiveness, a review of *Strickland*'s prejudice and performance prongs is appropriate. *Strickland*, 466 U.S. at 686*; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986). With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he

must "show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3rd 1499, 1504 (11th Cir. 1995) (internal quotations omitted).

The Eleventh Circuit has recognized that given these principles and presumptions "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 n.15 (11th Cir. 2000) (en banc). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

## Discussion

### Claim 1: Failure to request jury instruction on necessity defense

Petitioner contends that his trial counsel rendered ineffective assistance in failing to request a jury instruction on the defense of necessity as to the burglary charge. In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to request a "necessity defense" jury instruction on the burglary charge. "A defendant is entitled, upon request, to a jury instruction on any theory of defense the substantive evidence supports." *Rockerman v. State,* 773 So. 2d 602, 603 (Fla. 1st DCA 2000). Whether a defendant is entitled to the requested jury instruction is based upon a consideration of the evidence presented at trial without weighing the evidence. *Id.* The essential elements of the defense of necessity are: (1) the defendant reasonably believed that his action was necessary to avoid an imminent threat of death or serious bodily injury to himself or others; (2) the defendant did not intentionally or recklessly place himself in a situation in which it would be probable that he would be forced to choose the criminal conduct; (3) there existed no other adequate mans to avoid the threatened harm except the criminal conduct; (4) the harm sought to be avoided was more egregious than the criminal conduct perpetrated to avoid it; and, (5) the defendant ceased the criminal conduct as soon as the

necessity or apparent necessity for it ended. *Bozeman v. State*, 714 So. 2d 570, 572 (Fla. 1ˢᵗ DCA 1998). Here, the substantive evidence presented at trial does not support Defendant's requested instruction.

First, Defendant intentionally placed himself in a situation in which it would be probable that he would choose the criminal conduct. After the officer approached Defendant at the scene of the accident which started this chain of events, Defendant immediately fled on foot. Once the officer caught up with Defendant, he sought to restrain Defendant, but Defendant proceeded to resist the officer with violence. Thus, Defendant's flight from the officer *preceded* any perceived threat of violence that Defendant may have had from the officer. Second, the harm that Defendant sought to avoid was not more egregious than the offense he committed. Even though the occupant was telling Defendant that he could not enter, Defendant proceeded to enter an occupied dwelling by use of force against the occupant. Third, there was testimony at trial which shows that Defendant may have reasonably believed that his action was necessary to avoid an imminent threat of serious bodily injury to himself or others. The relevant testimony on this point was from the victim, who stated that Defendant told him "Let me in, the police trying to beat me up." However, the "imminent threat" which Defendant was fleeing from was intentionally caused by Defendant; and, there is no evidence that Defendant was beaten by the officer. Fourth, Defendant had other adequate means of avoiding the perceived threat of violence from the officer besides committing a burglary. For example, Defendant could have stopped resisting the officer, as he ultimately did. In addition, the record reflects that there were other people nearby when this incident took place. In summary, there was no substantive evidence presented at trial which supports the necessity jury instruction. Because there was no substantive evidence to support the relevant instruction, counsel did not err by failing to request it. This claim is without merit.

(Exh. EE, pp. 75-76) (internal citations omitted).

The postconviction court applied state law on the applicability of the necessity

defense to determine that, under the facts presented at trial, it did not apply to Petitioner.

*See Bozeman v. State*, 714 So. 2d 579, 572 (Fla. 1ˢᵗ DCA 1998). In Florida,"[i]t is well

settled law that the defense is entitled to jury instructions on his theory of defense if

evidence has been introduced to support those instructions." *Cooper v. State*, 573

So.2d 74, 76 (Fla. 4ᵗʰ DCA 1990). Here, the state court determined that the facts of

Petitioner's case did not support the type of jury instruction Petitioner alleges his trial counsel should have requested. Furthermore, Petitioner cannot demonstrate that but for the failure to request this instruction, the outcome of the trial would have been different, especially where, as here, Petitioner intentionally placed himself in the situation and did not take advantage of other means of avoiding the perceived threat of violence.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 2: Failure to request jury instruction on justifiable resistance

Petitioner contends that his trial counsel rendered ineffective assistance in failing to request a jury instruction that he was permitted to flee from the officer to resist unlawful force. In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to request a jury instruction indicating that Defendant could justifiably resist unlawful force by fleeing. Defendant argues that the jury should have been instructed that he had a right to resist the officer without violence. The record reflects that the officer had probable cause to arrest Defendant; and, that Defendant was fleeing from the officer knowing the officer's intent to arrest him. Thus, Defendant did not have a right to resist the officer. *See Yarusso v. State*, 942 So. 2d 939, 943 (Fla. 2d DCA 2006) ("an individual is guilty of resisting or obstructing an officer by flight only if he flees while knowing of the officer's intent to detain him *and* if the officer is justified in detaining him"). As stated earlier, Defendant's flight from the officer *preceded* any alleged unlawful force by the officer. Thus, the Defendant's act of resisting without violence is both factually and conceptually separate from Defendant's alleged act of self-defense against the officer's purported unlawful force. Because Defendant did not have the right to resist arrest by fleeing, he was not entitled to a jury instruction which stated that he had the right to do so. Counsel did not err by failing to request such instruction. This claim is without merit.

(Exh. EE, p. 77) (internal citations omitted).

In Florida,"[i]t is well settled law that the defense is entitled to jury instructions on

his theory of defense if evidence has been introduced to support those instructions."

*Cooper*, 573 So.2d at 76. Here, the state court determined that the facts of Petitioner's

case did not support the type of jury instruction Petitioner alleges his trial counsel should

have requested. Furthermore, Petitioner cannot demonstrate that but for the failure to

request this instruction, the outcome of the trial would have been different, especially

where, as here, his act of resisting without violence was factually and conceptually

distinct from his alleged self-defense (and the jury was indeed instructed on his claim of

self-defense).

On this record, Petitioner has failed to show that the state court's rejection of this

claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable

determination of the facts in light of the evidence adduced in state court.

### Claim 3: Failure to request instruction on right to resist without violence

Petitioner contends that his trial counsel rendered ineffective assistance in failing

to request a jury instruction on his right to resist the officer without violence. In rejecting

this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to request a jury instruction indicating that Defendant could resist the officer without violence. In the instant claim, Defendant continues to fail to differentiate between his resisting arrest and his alleged act of self-defense to purported excessive and unlawful force. Whatever right that Defendant may have had to defend himself against excessive an unlawful force that may have taken place during the court of the arrest, Defendant did not have the right to resist the arrest itself. As stated earlier, Defendant's flight from the officer *preceded* any alleged unlawful force by the officer. *See* Trial Transcript at 64 (lines 1–9). Because Defendant did not have the right to resist arrest by fleeing, he was not entitled to a jury instruction which stated that he had the right to do so. Counsel did not err by failing to request such an instruction. This claim is without merit.

(Exh. EE, pp. 77-78.)

In Florida,"[i]t is well settled law that the defense is entitled to jury instructions on his theory of defense if evidence has been introduced to support those instructions." *Cooper*, 573 So.2d at 76. Here, the state court determined that the facts of Petitioner's case did not support the type of jury instruction Petitioner alleges his trial counsel should have requested. Furthermore, Petitioner cannot demonstrate that but for the failure to request this instruction, the outcome of the trial would have been different, especially where, as here, Petitioner's alleged actions in self-defense were distinct from his resisting arrest.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 4: Failure to argue that a completed entry never occurred

Petitioner contends that his trial counsel rendered ineffective assistance in failing to argue that a completed entry did not occur as to the burglary charge. In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to argue to the jury that a "completed entry" did not occur under the burglary charge. Defendant contends that counsel conceded to the jury, during closing argument, that Defendant entered the victim's house. *Id.* at 253 (lines 23–25)–254 (lines 1–3). The record does reflect that counsel conceded this point; however, it is reasonably clear from the record as to why counsel did this. The victim testified at trial that Defendant's foot and leg crossed the threshold into his house. *Id.* at 34 (lines 6–17). This fact is undisputed, even in the instant motion. *See* Motion for Post-Conviction Relief at 16, 25; Addendum/Supplement (filed December 26, 2007) at 2. Thus, had counsel argued that Defendant did not "enter" the dwelling, this argument would have been contrary to both the undisputed evidence presented at trial and the burglary instruction given to the jury. *See* Jury Instructions ("The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant extends any part of the body far enough into the house to commit

Resisting without Violence"); *see also Polk v. State*, 825 So. 2d 478, 480 (Fla. 5th DCA 2002) (the defendant "entered" the dwelling by putting his hand inside the broken window") (citing *State v. Spearman*, 366 So. 2d 775, 776 (Fla. 2d DCA 1978) ("It is well established that the unqualified use of the word 'enter' in a burglary statute does not confine its applicability to intrusion of the whole body but includes insertion of any part of the body or of an instrument designed to effect the contemplated crime")). Defendant suggests that counsel should have argued for an attempted burglary instruction; however, the evidence presented at trial showed a completed act, not an attempt. Had counsel asked the court for an attempt instruction, it would have been denied for that reason. Accordingly, counsel did not err by failing to argue that no completed entry occurred of by failing to ask for an attempt instruction. This claim is without merit.

(Exh. EE, pp. 78-79.)

The state court's conclusion that counsel did not perform deficiently by not arguing that a completed entry did not occur as to the burglary charge, based on the undisputed facts presented at trial, is reasonable and supported by the record. "It is well settled that the insertion of any part of the defendant's body into a protected structure with larcenous intent. . .is a completed burglary." *Nurse v. State*, 658 So. 2d 1074, 1079, n. 4 (citing *State v. Spearman*, 366 So. 2d 775 (Fla. 2d DCA 1978); *see also* Fla. Stat. § 810.02. The jury instructions in this case reflected this, advising jurors that "The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant extends any part of the body far enough into the house to commit Resisting without Violence." (Exh. B, p. 48.); Florida Standard Jury Instructions, 13.1.

Trial counsel did concede that Petitioner entered the burglary victim's house (Exh. D, p. 253-54) ("technically, yes, he entered that house"). The burglary victim testified that Plaintiff Petitioner's foot and leg entered his home. (*Id.* at p. 34.) In Petitioner's own filings, he concedes that part of his body did enter the house. For example, in his 3.850 motion and subsequent amendment, Petitioner twice wrote that he 'barely got part

of his foot across the threshold. . ." (Exh. EE, pp. 25, 67.)   In the instant federal habeas petition, Petitioner argues that he "did not get enough of his body into the dwelling. . ." (Doc. 1, p. 6.)   Trial counsel cannot be deemed deficient for failing to make an argument that is contrary to the undisputed facts and trial and even to Petitioner's own version of the facts as reflected in his filings with the postconviction court and this Court.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 5: Failure to move for a new trial

Petitioner contends that his trial counsel rendered ineffective assistance in failing to move for a new trial.  The state postconviction found that all of the issues raised in this claim were raised more fully elsewhere in Petitioner's postconviction motion and chose to address them in those grounds.  (Exh. EE.)   Similarly, in claim five of the instant federal habeas petition, Petitioner raises claims addressed more fully elsewhere in this Report And Recommendation.  Accordingly, this claim is due to be denied for the reasons discussed in Claims 4, 6, and 10.

### Claim 6: Failure to object to amendment of the Information

Petitioner contends that his trial counsel rendered ineffective assistance in failing to object to the amendment of the information to reflect the charge of burglary of a "dwelling" rather than burglary of a "structure."  In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to object to amendment of the burglary count in the information; and, failure to move for a continuance. Defendant contends that the State amended count I of the

> information (burglary with a battery) significantly by changing the description of the victim's home from "structure" to "dwelling." *See* Amended Information. Contrary to Defendant's claim, this is not a significant amendment, and would not require more time to prepare his defense. Counsel did not err by failing to object to this amendment or by failing to move for a continuance based on it. This claim is without merit.

(Exh. EE, p. 79.)

Under the Sixth Amendment, the Petitioner has a right to reasonable notice of the charge against him. *In re Oliver*, 333 U.S. 257 (1948) (A person's right to reasonable notice of the charge against him is applied to the states through the Fourteenth Amendment.) However, the sufficiency of a state indictment or information is not a matter for federal habeas corpus relief unless it can be shown that the indictment or information is so defective that the convicting court had no jurisdiction. *Murphy v. Beto*, 416 F.2d 98 (5th Cir.1969); *Branch v. Estelle*, 631 F.2d 1229 (5th Cir.1980); *DeBenedictis v. Wainwright*, 517 F.Supp. 1033, 1036 (S.D. Fla. 1981). In this case, the information was determined to be sufficient under state law. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Furthermore, Petitioner has failed to offer any facts that support his allegation that the change in the information–from burglary of a "structure" to burglary of a "dwelling"–would have impacted trial counsel's preparation for the trial, especially where there was no dispute that the alleged burglary occurred at the victim's home. On this record, Petitioner has failed to show that the state court's rejection of this claim was

contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 7: Failure to investigate defense

Petitioner contends that his trial counsel rendered ineffective assistance because he "failed to investigate or present a viable defense based on Petitioner's post-electrical shock delirium, oxygen [deprivation] and head trauma, such preservation would have negated the requisite underlying specific criminal intent for burglary." Petitioner contends that his medical records would have established this at trial. (Doc. 7.) In rejecting part of this claim on postconviction review, the state court wrote:

> At the evidentiary hearing, Defendant testified that at the time he committed the offenses of aggravated battery and burglary of a dwelling, he could not breathe due to the arresting officer tasing him; falling down on him; choking him; and, hitting him with the taser. According to Defendant, had the jury heard the medical evidence of his injuries, he would have been acquitted of both these offenses. It is irrelevant what effect this medical evidence may have had at Defendant's trial as it relates to Defendant's aggravated battery offense because his conviction for that offense was ultimately reversed on appeal. *Debose v. State*, 920 So. 2d 169 (Fla. 1st DCA 2006). Subsequent to the reversal, Defendant entered a plea to that offense. *See* Petition to Enter Plea of Nolo Contendre. Besides testifying at the hearing, Defendant also introduced his medical records as evidence of the alleged excessive use of force by the arresting officer. This Court finds that there is nothing in the medical records that substantiates his claim of abuse. *See* Defendant's Medical Records. Considered in a light most favorable to Defendant, the medical records reflect that Defendant was likely suffering from "shortness of breath" and "chest pain" at the time of the burglary offense. However, the records also reflect that, despite these complaints, he had "no obvious trauma" and was "in no apparent distress" when examined. According to former counsel William Davis, he reviewed Defendant's medical records prior to trial and determined that these records did not contain any useful information. In addition, it was undisputed at trial that the arresting officer had tased; jumped on; and, hit Defendant with the taser prior to Defendant's act of committing the burglary. Defendant's medical records add nothing to the testimony and evidence which was presented at trial.

(Exh. NN, pp. 265-66.)

Here, the state court reviewed the medical records in question and considered

Petitioner's testimony at the evidentiary hearing, as well as the testimony of trial counsel.

The state court determined that the medical records did not add to the evidence already

presented at trial–the same conclusion trial counsel testified that he made when he

reviewed the records prior to trial.  The records would not have assisted in Petitioner's

defense where it was undisputed at trial that the arresting officer tased, jumped on, and

hit Petitioner prior to the burglary.   On this record, Petitioner has failed to show that the

state court's rejection of this claim was contrary to, or an unreasonable application of

*Strickland,* or an unreasonable determination of the facts in light of the evidence

adduced in state court.

The state court previously summarily denied the remainder of Petitioner's claim:

> Defendant alleges that trial counsel was ineffective for failure to present a defense based on Defendant's "state of mind" at the time of the burglary. The record reflects that counsel *did* present a defense based on Defendant's "state of mind" at the time of the burglary. The record reflects that counsel *did* present a defense based on Defendant's "state of mind" at the time of the burglary. *See* Trial Transcript at 251 (lines 1–20), 255 (lines 19–22), 257 (lines 12-24), 283 (lines 8-13). Counsel showed that Defendant was tasered, jumped on, hit in the back of the head, and choked prior to committing the burglary. *See* Trial Transcript at 29 (lines 8-9), 40 (lines 19-25)–41 (line 1), 43 (lines 3-25), 47 (lines 6-25)–53 (lines 1-11), 72 (lines 8-25)–73 (lines 1-3), 75 (lines 11-24), 87 (lines 15-20), 98 (lines 23-25)–99 (lines 1-6), 100 (lines 1-3), 106 (lines 14-25)–108 (line 1), 138 (lines 13–17), 142 (lines 18-24). All of this evidence was heard by the jury at trial. There is no indication from Defendant's claim that either the doctor's proposed testimony or Defendant's medical record contains any information that was not presented to the jury. Thus, Defendant fails to show how counsel erred by not calling the emergency room doctor to testify at trial; and, by not introducing Defendant's medical records. In addition, because the jury knew of his alleged injuries, Defendant fails to show prejudice. This claim is without merit.

(Ex. EE 80.)

Again, evidence was presented at trial that Petitioner experienced being tasered, hit, and choked prior to the burglary. As the state court noted, Defendant cannot demonstrate prejudice where the jury knew of his alleged injuries and additional testimony and medical records, for the reasons discussed above, would not have added to the evidence presented trial. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

## Claim 8: Failure to move for curative instruction or mistrial regarding presence of officers

Petitioner contends that his trial counsel rendered ineffective assistance in failing to move for a curative instruction or mistrial based on the combined prejudice from juror misconduct and the "overwhelming presence" of police officers at his trial. In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to move for a mistrial or a curative instruction regarding the "overwhelming presence of uniformed police officers" at the trial. Under this ground, Defendant essentially raises two issues. The first issue is whether counsel erred by failing to move for a mistrial based on jury misconduct. Prior to the start of trial, a juror asked some law enforcement officers standing outside the courtroom "where they [the jurors] could get coffee." *Id.* at 7 (lines 7-17). The officers instructed the juror "not to talk to us." Upon being asked about the incident by the court, the officer stated that "no aspect of the case was discussed." No further inquiry was made. Defendant claims that had a further inquiry been made, he would have been granted a new trial due to juror misconduct or "acquitted of the charge entirely." This claim is speculative and conclusory. Defendant fails to allege any facts which suggest actual juror misconduct. Specifically, Defendant fails to allege any facts which were not known to the court or

counsel at the time. Thus, counsel did not err by failing to pursue further inquiry on the matter. In addition, Defendant fails to show prejudice. The second issue raised under this ground is "the overwhelming presence of uniformed officers" at the trial. In raising this claim, Defendant does not define what he means by "overwhelming." This claim is speculative and conclusory. Because there is no indication of how many officers were present, or how the jury perceived the presence of the officers, Defendant fails to show how counsel erred by failing to move for their removal from the courtroom; or, how there presence affected the outcome of the trial. This claim is without merit.

(Exh. EE, pp. 80-81.)

Petitioner's purely speculative allegations regarding a juror who asked for coffee and a generalized assertion that the presence of police officers prejudiced his right to a fair trial do not warrant federal habeas relief. AEDPA requires a state prisoner to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). The facts recited by Plaintiff in no way suggest that the state court's determination of this claim is subject to fairminded disagreement. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 9: Failure to request jury instruction on weighing witness credibility

Petitioner contends that his trial counsel rendered ineffective assistance in failing to request a jury instruction on weighing witness credibility where a witness made a material, prior inconsistent statement. In rejecting this claim on postconviction review, the state court wrote:

Defendant alleges that trial counsel was ineffective for failure to request a jury instruction on weighing the crediblity of witnesses based on prior inconsistent statements. Defendant contends that Deptuy Butscher's failure to mention the fact that Defendant swung at him in his police report is a prior inconsistent statement. Defendant contends that had the jury been instructed that they could consider a prior inconsistent statement for the purposes of weighing credibility, he would have been acquitted for the burglary offense. The record reflects that, on the cross-examination of Deputy Butscher, counsel brought out the relevant omission. *See* Trial Transcript at 77 (lines 6–25)–78 (line 1). In addition, counsel used another State witness's testimony to raise doubts about Deputy Butscher's testimony on this issue. *Id.* at 107 (lines 21-25)–108 (lines 1-12). Thus, contrary to the argument in Defendant's motion, counsel *did* impeach Deputy Butscher's testimony on this point. Though the jury was not specifically instructed that they could consider prior inconsistent statements in weighing the evidence, it is clear that the jury was made aware of Deputy Butscher's omission. So, even if counsel did err by failing to request the specific instruction, because the jury heard the omission, Defendant fails to show prejudice. This claim is without merit.

(Exh. EE, pp. 81-82.)

Even assuming, *arguendo*, that trial counsel was deficient for not requesting a jury instruction regarding prior inconsistent statements, Petitioner cannot demonstrate prejudice because trial counsel did in fact raise this issue in cross-examining Deputy Butscher. Trial counsel pointed out that Deputy Butscher failed to include "an important detail"–his allegation that Petitioner attempted to strike him after the bite–in his report. (Exh. D, p. 77.) Trial counsel also elicited testimony from another witness for the State that she did not see Petitioner swing at the officer at the point she saw them both. (*Id.* at p. 107.) Furthermore, the jury was instructed on its evaluation of the evidence:

It is up to you to decide what evidence is reliable. You should use your common sense in deciding which is the best evidence and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable or less reliable than other evidence. You should consider how the witness acted as well as what they said. Some things that you should consider are: . . . Did the witness' testimony agree with the other testimony and other evidence in the case? You may rely upon your own

conclusion about a witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.

(Exh. D, p. 240.)

On this record–where trial counsel did highlight the omission in the deputy's report and the jury was instructed on considering inconsistent statements–Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 10: Failure to move to dismiss possession of cocaine charge/move for a new trial

Petitioner contends that his trial counsel rendered ineffective assistance in failing to either move to dismiss the cocaine charge or move for a new trial. In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to move to dismiss the possession of cocaine charge. At trial, the defense's motion for judgment of acquittal was granted on the charge of possession of cocaine with intent to sell within 1,000 feet of a school. *See* Order Granting Motion for Judgment of Acquittal; *see also* Trial Transcript at 173 (lines 16-25)–177 (lines 1–6). Defendant contends that counsel erred by not moving to dismiss the charge before trial because there was insufficient evidence that he committed the offense. Had counsel moved to dismiss this charge on that basis, the motion would not have been successful. "[W]ithin the context of a motion to dismiss, it is not the function of the trial court to make factual determinations." *State v. Paleveda*, 745 So. 2d 1026, 1028 (Fla. 2d DCA 1999) (citing *State v. Miller*, 710 So. 2d 686, 687 (Fla. 2d DCA 1988)). "In considering such a motion, the trial court must construe all the evidence and inferences in a light most favorable to the State." *State v. Bonebright*, 742 So. 2d 290, 291 (Fla. 1st DCA 1998) (citing *Vanhoosen v. State*, 469 So. 2d 230 (Fla. 1st DCA 1985). "The state is not obliged to produce evidence sufficient to sustain a conviction." *Id.* (citing *Feagle*, 600 So. 2d at 1239). The State merely has to show "the barest prima facie case." *Id.* (citing *Vanhoosen*, 469 So. 2d at 232). Here, because the issue of whether Defendant was in constructive possession of the cocaine was in dispute, the motion to dismiss

would have been denied. Trial counsel did not err by failing to file a motion to dismiss this charge. This claim is without merit. As to Defendant's claim that counsel erred by failing to move for a new trial once the charge was dismissed, Defendant fails to sufficiently show that counsel erred. At trial, the defense conceded that Defendant was guilty of every offense charged but aggravated battery on a law enforcement officer and burglary with a battery. *See* Trial Transcript at 19 (lines 15–20), 24 (lines 22-25)–25 (lines 1-3), 262 (lines 23–25), 263 (lines 23-25)–264 (line 1). These were the only two offenses which the jury had to consider. Furthermore, the defense conceded that Defendant bit the officer and fled into the victim's house (in so far as his foot made it in the door). *Id.* at 21 (lines 19–24), 23 (lines 12–16), 253 (lines 23-25)–254 (lines 1–4). There was no mention of the cocaine in either party's closing argument (which the parties agreed to prior to the closing arguments). *Id.* at 220 (lines 2-25)–222 (lines 1-12). Thus, Defendant fails to show that he did not receive a fair and impartial trial. For this reason, counsel did not err by failing to file a motion for new trial. This claim is without merit.

(Exh. EE, pp. 82-83.)

Here, the state court properly applied state law to determine that trial counsel did not err by not moving to dismiss the cocaine charge prior to trial. Further, the state court rejected Petitioner's claim that trial counsel should have moved for a new trial, where he conceded to all but two offenses and there was no mention of cocaine during closing arguments. Petitioner's purely speculative allegations that he did not receive a fair trial do not warrant federal habeas relief. AEDPA requires a state prisoner to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Harrington v. Richter,* 562 U.S. ___, 131 S.Ct. 770, 786–787 (2011). The facts recited by Plaintiff in no way suggest that the state court's determination of this claim is subject to fairminded disagreement. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the

evidence adduced in state court.

### Claim 11: Failure to object to instruction on burglary elements

Petitioner contends that his trial counsel rendered ineffective assistance in failing to object to the jury instruction on burglary, which he alleges "had the effect of removing an essential element of burglary and directing verdict on that element." (Doc. 7, p. 8.) In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to object to an erroneous burglary instruction. The burglary instruction given at the close of trial contains non-standard language. *See* Jury Instructions (Burglary); *see also* Trial Transcript at 224 (lines 5–15). Defendant contends that his counsel should have objected to it. The language at issue is: "At the time of entering the house DWAYNE ANTHONY DEBOSE had a fully-formed, conscious intent to commit the offense of Resisting Without Violence in that *he was fleeing from a law enforcement officer.*" (emphasis added). The emphasized language should have read: "in that structure [house]." Even if it was error for counsel to fail to object to the instruction as given, Defendant fails to show how he was prejudiced. First, Defendant's claim that the instruction as given relieved the jury from having to decide whether he was fleeing from the officer is false. The fact that Defendant was fleeing from the officer was undisputed at trial. *See* Trial Transcript at 254 (lines 6–15), 283 (lines 1–6). Second, Defendant's claim that the instruction as given relieved the jury from having to determine whether he was actually in the house when he committed the act of resisting is false. The instruction clearly states that the jury must find beyond a reasonable doubt that Defendant entered the dwelling with the intent to commit resisting without violence. Defendant fails to show a reasonable probability that the jury instruction was so misleading that it undermines the verdict on the charge of burglary. This claim is without merit.

(Exh. EE, p. 84.)

Even assuming, *arguendo*, that trial counsel was deficient for failing to object to the non-standard language in the jury instruction, Petitioner has not demonstrated prejudice. The instruction was clear that the jury had to find beyond a reasonable doubt that Petitioner entered the dwelling with the intent to commit the offense of resisting arrest without violence (fleeing), and it was undisputed at trial that Petitioner was fleeing

from the officer. Petitioner has not demonstrated a reasonable probability that but for the non-standard jury instructions, he would have been found not guilty.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 12: Failure to call witness Leo Johnson

Petitioner contends that his trial counsel rendered ineffective assistance in failing to call Leo Johnson, a witness who was available and whose testimony would have supported Petitioner's claim of unlawful and excessive force by Deputy Butscher. Petitioner states that Mr. Johnson would have testified that "the deputy repeatedly tased Petitioner," Petitioner appeared scared, Petitioner was jerking or twisting during the altercation, Petitioner screamed, and that "it didn't appear to him that Petitioner was trying to use force against [the deputy or even strike [the] deputy." (Doc. 7, p. 8.) According to Petitioner, but for trial counsel's failure to call Mr. Johnson as a witness, he would have been acquitted of the burglary charge. In rejecting this claim on postconviction review, the state court wrote:

> As for Defendant's allegation regarding potential witness Leo Johnson, at the hearing, Defendant testified that he (Defendant) does not know what Mr. Johnson's testimony at trial would have been had Mr. Johnson been called. Defendant acknowledges that his claim is based on mere speculation and conjecture. Having reviewed Mr. Johnson's deposition, this Court finds that there is nothing in Mr. Johnson's proposed testimony which would have assisted Defendant's defense to the charge of burglary of a dwelling." *See* Deposition of Leo Johnson at 11 (lines 1-14), 25 (lines 16- 24); Trial Transcript at 40–41, 44–78, 87, 97–99, 106–109, 138, 142. Again, Defendant entered a plea to the offense of aggravated battery on remand, so any proposed testimony as to this offense is irrelevant. Considered in a light most favorable to Defendant, Mr. Johnson's testimony does not add any information that was not presented at trial. This Court finds that, based on the testimony and evidence presented at the evidentiary hearing, former defense

counsel did not err by failing to call Leo Johnson as a witness at trial. Leo Johnson's proposed testimony contains nothing that could have assisted Defendant's defense at trial.

(Exh. NN, pp. 266-67.)

In the habeas corpus context, "[c]omplaints concerning uncalled witnesses impose a heavy showing since the presentation of testimonial evidence is a matter of trial strategy and often allegations of what a witness would have testified to are largely speculative." *United States v. Guerra*, 628 F.2d 410, 413 (5th Cir. 1980). Here, even assuming, *arguendo*, that trial counsel was deficient for failing call Mr. Johnson to testify, Petitioner has not demonstrated prejudice. The testimony described in Petitioner's federal habeas petition is largely duplicative of evidence already presented at the trial and Petitioner has failed to point to facts that show that but for trial counsel's failure to call Mr. Johnson to testify, he would have been acquitted of the burglary charge.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 13: Failure to pursue mental health defense/appoint a mental health expert

Petitioner contends that his trial counsel rendered ineffective assistance in failing to move for appointment of mental health expert to assist in preparing a mental health defense. In rejecting this claim on postconviction review, the state court wrote:

Defendant alleges that trial counsel was ineffective for failure to request a mental health expert or to use a mental health defense. Defendant contends that though he was conscious of his actions, he did not understand the wrongfulness of them. Under this ground, Defendant is essentially arguing that counsel should have pursued a "diminished capacity" defense. *See Wise v. State*, 580 So. 2d 329, 330 (Fla. 1st DCA 1991) ("[a] diminished capacity defense concerns the defendant's ability to understand the wrongfulness of

his acts"). "Diminished capacity" has been disallowed as a defense in Florida. *Chesnut v. State*, 538 So. 2d 820 (Fla. 1989). Furthermore, throughout his motion, Defendant strenuously denies that he entered the victim's house. Thus, Defendant does not even admit committing the offense for which he claims an alleged mental health defense. Because counsel would not have been allowed to pursue a "diminished capacity" defense, Defendant fails to show that counsel erred by failing to pursue it. This claim is without merit.

(Exh. EE, pp. 85-86.)

Here, the state court properly applied state law to determine that trial counsel did not err by not pursuing a diminished capacity defense. The state court also pointed out the inconsistency between Petitioner's position that he did not enter the house and his desire to pursue a diminished capacity offense. Furthermore, Petitioner cannot demonstrate that but for the failure to pursue a diminished capacity defense, the outcome of the trial would have been different, especially where, as here, Petitioner denied entering the dwelling, and the particular defense is not viable in Florida. On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 14: Cumulative errors of trial counsel

Petitioner alleges that the cumulative effect of trial counsel's errors amount to a deprivation of his constitutional right to effective counsel. The postconviction court rejected this claim, finding no error in any of the other grounds he raised and accordingly, no cumulative effect. (Exh. EE, p. 86.)

In rejecting a similar "cumulative error" argument made by a section 2254 petitioner, the Eleventh Circuit has stated "The Supreme Court has not directly addressed the applicability of the cumulative error doctrine in the context of an

ineffective assistance of counsel claim." *Forrest v. Fla. Dept. Of Corrections*, 342 Fed. Appx. 560, 564 (11th Cir. 2009)(*per curiam*). The *Forrest* panel further noted "[h]owever, the Supreme Court has held, in the context of an ineffective assistance claim, that 'there is generally no basis for finding a Sixth Amendment violation unless the accused can show how specific errors of counsel undermined the reliability of the finding of guilt.'" *Id.* at 564-65 (quoting *United States v. Cronic*, 466 U.S. 648, 659 n.26 (1984)); *see also Spears v. Mullin*, 343 F.3d 1215, 1251 (10th Cir. 2003)("Because the sum of various zeroes remains zero, the claimed prejudicial effect of their [the petitioners'] trial attorneys' cumulative errors does not warrant habeas relief.").

As discussed herein, Petitioner has not demonstrated any of his trial counsel's alleged errors, considered alone, rose to the level of ineffective assistance. Therefore, there are no errors to accumulate and Petitioner was not denied effective assistance of counsel nor has he demonstrated his trial was fundamentally unfair. *Walls v. McNeil*, No. 3:06-cv-237-MCR, 2009 WL 3187066, at *30-*31 (N.D. Fla. Sept. 30, 2009)("As previously discussed, none of the alleged errors of trial counsel, considered alone, satisfy the threshold standard of ineffective assistance of counsel. Therefore, there are no errors to accumulate. Petitioner was not denied effective assistance of counsel, and he has not demonstrated that his trial was fundamentally unfair."). Accordingly, Petitioner's fourteenth claim for relief has no merit.

### Claim 15: Failure to object to prosecutorial argument that the verdict need not be unanimous

Petitioner contends that his trial counsel rendered ineffective assistance in failing to object to the prosecutor's remark that the jury verdict did not need to be unanimous.

In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to object to the State's argument that the jury need not be unanimous. Defendant points to two examples of this alleged argument. The first example concerns the burglary with a battery . . . and/or assault charge (count I). *See* Trial Transcript at 269 (lines 22-25)–270 (line 1). Because the jury did not find that either an assault or a battery occurred during the course of the burglary, Defendant's fails to show how he was prejudiced by counsel's failure to object. Thus, it is unnecessary to determine whether error occurred. The second example concerns the aggravated battery on a law enforcement officer charge (count II). *Id.* at 272 (lines 8–18). On direct appeal, Defendant's conviction for this offense was reversed and remanded for a new trial. *Debose v. State*, 920 So. 2d 169, 170 (Fla. 1st DCA 2006). On remand, Defendant entered a plea to that offense. *See* Petition to Enter Plea of Nolo Contendre. Thus, the issue as to this argument is moot. The ground is without merit.

(Exh. EE, pp. 86-87.)  The first remark occurred during the prosecutor's discussion of

Petitioner's burglary with assault or battery charge.  The prosecutor stated:

> So I'm going to refer to the verdict instruction – the verdict now.  When you take a look at this, you got the one, the two, the three, with one being defendant is guilty of burglary.  And so that's, you know, proven beyond a reasonable doubt.  And then you have the aggravaters.  The defendant committed a battery or assault on [the homeowner[. . .So there's no reasonable doubt about with the battery or the assault, but you only need one of them.  If three of you think its battery, three of you think it's assault, that's fine.  You only need one.  The State has proven both.  But you only need one.

(Exh. D, pp. 269-70.)  The trial transcript reflects that the prosecutor was clearly

discussing the "battery or assault" portion of the burglary charge.  As the state court

pointed out, the jury did <u>not</u> find the Petitioner committed battery or assault during the

burglary.  Therefore, even assuming that trial counsel was deficient, Petitioner cannot

demonstrate prejudice.

Similarly, the second example Petitioner gives is also without merit.  When

explaining that with regard to the charge of aggravated battery on a law enforcement

officer, the jury must find that Petitioner caused "great bodily harm, permanent disability,

or permanent disfigurement" to the law enforcement officer." (Exh. C, p. 52.) The prosecutor stated: "So, again, if some of you decide that the biting was great bodily harm and some of you decide that it's a permanent disfigurement, that's fine. It can be either of those." (Exh. D, p. 272.) The prosecutor was reasonably explaining the details of the charge, but even assuming trial counsel was deficient for not objecting to these remarks, Petitioner cannot demonstrate prejudice. The jury's verdict of guilty on the charge of aggravated battery on a law enforcement officer was reversed and remanded on direct appeal. Petitioner then pleaded no contest to that charge.

Petitioner cannot show that but for these two remarks he would have been found not guilty of these two particular charges, because the jury did not convict him of the assault/battery burglary aggravator, and his aggravated battery on a law enforcement officer conviction is pursuant to his own plea. Furthermore, the remarks did not "so infused the trial with unfairness as to deny due process of law." *Felker v. Turpin*, 83 F.3d 1303 (11th Cir. 1996).

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 16: Failure to object to prosecutorial remarks

Petitioner contends that his trial counsel rendered ineffective assistance in failing to object to prosecutorial argument as a whole, and to nine remarks in particular. In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to object to prosecutorial argument. Defendant lists nine (9) examples of allegedly improper prosecutorial argument. Example #1 has been addressed in [issue

15] above. Examples #2 and #3 are purported comments on Defendant's silence. *See* Trial Transcript at 270 (lines 7–11). They are not comments on Defendant's silence. Rather, they are permitted comments on the evidence presented at trial. Example #4 is a purported personal opinion on the evidence by the prosecutor. *Id.* at 60 (lines 2–25)–61 (lines 1–12), 271 (lines 5–15). This example is not the prosecutor giving his personal opinion of the evidence. It is permissible argument on the evidence which was presented at trial. Example #5 has been addressed in [issue 15] above. Example #6 is a purported appeal to the jury's emotions. *Id.* at 272 (lines 19–25)–273 (line 1). This argument relates to the aggravated battery charge. The aggravated battery charge was reversed and remanded for new trial on direct appeal. Thus, even if there were error by counsel's failure to object, Defendant fails to show any prejudice. Example #7 is a purported misstatement of law. *Id.* at 273 (lines 9–10). It is not. Rather, it is permissible argument on the evidence which was presented at trial. Example #8 is a purported comment on Defendant's silence at trial. *Id.* at 275 (lines 4–25)–26 (lines 1–9). As Defendant notes in his motion, counsel did object to the prosecutor's argument and the argument was overruled. Example #9 relates to the aggravated battery charge which was reversed and remanded on direct appeal. Because this conviction was reversed on appeal, Defendant fails to show any prejudice. This ground is without merit.

(Exh. EE, p. 87.)

Examples 1 and 5 raised in the instant habeas petition have already been addressed above, in claim 15, and found to be without merit.  In Examples 2[4] and 3,[5] Petitioner argues that the prosecutor made improper comments on Petitioner's decision not to testify.  As the state court pointed out, these were permissible comments on the evidence presented at trial.  Similarly, Example 4,[6] which Petitioner contends was the

---

[4]"The defense is arguing that he was being choked, he thought he was going to die, he bit the officer to save himself.  Ladies and gentlemen, that is not the evidence." (Exh. D, p. 270.)

[5]"The witnesses have talked about he was out of breath.  Well, ladies and gentlemen, he was running for over two minutes.  He's struggling with the law enforcement officer for over two minutes."  (Exh. D, p. 270.)

[6]"Defense counsel had a demonstration about the bruising on the arm, and saying that, oh, those bruises show they couldn't possibly have been done by the defendant.  But every time the defense attorney shows it, he uses his right arm like this.

prosecutor commenting on his personal opinion of the evidence, was also proper

commentary on the evidence.  Example 7,[7] a purported misstatement of the law, was

also proper commentary on the evidence.

Petitioner cannot demonstrate prejudice as to Examples 6[8] and 9[9] because they

relate to the aggravated battery charge.  Petitioner cannot show that but for these two

remarks he would have been found not guilty of that charge, because his aggravated

battery on a law enforcement officer conviction is pursuant to his own plea.

Finally, trial counsel cannot be deemed deficient for failing to object to Example

8,[10] because trial counsel did actually object to this comment, and the objection was

---

Okay?  To show that, oh, hey, he's pushing it away.  Well, ladies and gentlemen, perhaps the defendant used his left arm and just went — (demonstrating.)  If someone's arm is around you, the left arm's closer, you can push it up.  Or maybe he used two thumbs, grabbed it with the two thumbs like this, and pushed up."  (Exh. D, p. 271; see also pp. 60, 61.)

[7]"Ladies and gentlemen, when you rip off somebody's door and you run into their house, it's a burglary."  (Exh. D., p. 273.)

[8]"If some of you think that it's – the bite is great bodily harm, and some of you think that the scarring is a permanent disfigurement, and some of you think that he used his teeth as a deadly weapon, that's fine, too, because you can also find that he was using his teeth as a deadly weapon.  And again, in your instructions, a deadly weapon – a weapon is a deadly weapon if it is used for threatened to be used in a way likely to produce death or great bodily harm.  And, ladies and gentlemen, I don't need to tell you that there are times when people have used their teeth to produce great bodily harm in other people.  There is a famous incident of an ear being bitten off that I'm sure most of you are aware of.  And that's great bodily harm."  (Exh. D, pp. 272-73.)

[9] *Id.*

[10] Presumably, Petitioner is referring to the prosecutor's statement that "And no matter how often someone gets up here and says, oh, there was choking, there's no choking.  No person was on that stand and said choking occurred."  (Exh. D, p. 275.)  Trial counsel immediately objected: "Your honor, I believe that's a comment on his right to remain silent.  He said nobody took the stand and testified that."  (*Id.*)

overruled by the trial court. Trial counsel cannot be deemed deficient where he took the action Petitioner now complains of.

Furthermore, none of the remarks Petitioner refers to "so infused the trial with unfairness as to deny due process of law." *Felker v. Turpin*, 83 F.3d 1303 (11th Cir. 1996) On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Claim 17: Failure to request jury instruction that burglary charge arose from the unlawful use of force by the arresting officer

Petitioner contends that his trial counsel rendered ineffective assistance in failing to request a jury instruction that his burglary charge actually arose from the arresting's officer's unlawful force. In rejecting this claim on postconviction review, the state court wrote:

> Defendant alleges that trial counsel was ineffective for failure to request a jury instruction that the burglary charge arose from the unlawful use of force by the arresting officer. The burglary charge did not arise from the unlawful use of force by the arresting officer. Defendant was fleeing from the officer prior to the alleged unlawful use of force taking place. Thus, counsel did not err by failing to request the suggested jury instruction. This claim is without merit.

(Exh. EE, p. 88.)

In Florida,"[i]t is well settled law that the defense is entitled to jury instructions on his theory of defense if evidence has been introduced to support those instructions." *Cooper v. State*, 573 So.2d 74, 76 (Fla. 4th DCA 1990). Here, the state court determined that the facts of Petitioner's case did not support the type of jury instruction Petitioner alleges his trial counsel should have requested. Furthermore, Petitioner cannot demonstrate that but for the failure to request this instruction, the outcome of the trial

would have been different, especially where, as here, Petitioner was fleeing from the officer prior to the alleged unlawful use of force.

On this record, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland,* or an unreasonable determination of the facts in light of the evidence adduced in state court.

### Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED:**

1. The petition for writ of habeas corpus (Doc. 7) should be **DENIED**.

2. A certificate of appealability should be **DENIED.**

**IN CHAMBERS**  this 8th day of January 2014.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.